**Ex parte Mason DUNHAM, Jr.**

**No. 69018.**

Court of Criminal Appeals of Texas, En Banc.

May 25, 1983.

---

Murry B. Cohen, Houston, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for a writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Following an evidentiary hearing, the trial court entered findings of fact and conclusions of law regarding applicant's allegations of ineffective assistance of counsel, finding those allegations to be true.

Applicant was charged with unauthorized use of a motor vehicle, enhanced by two prior felonies. After a trial before the court, applicant was convicted and sentenced to life imprisonment. The record reflects that at the time of applicant's trial defense counsel was both mentally and physically exhausted from several criminal jury trials. Because of this exhaustion and his lack of preparation for trial, counsel persuaded applicant to waive his right to a jury trial so that counsel would not have to prepare for voir dire of the jury panel. Counsel admitted at the evidentiary hearing that at the time of the trial he knew this was not advantageous to applicant and was in fact bad legal advice.

The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980). Factors to be considered include (1) the amount of time spent in preparation of the defense, (2) whether advice was given which would promote an understanding of the law in relation to the facts, (3) whether the advice was reasonably competent, and (4) whether the advice permits an informed and conscious choice. *Ex parte Morse,* 591 S.W.2d 904 (Tex.Cr.App.1980). In many cases where allegations of ineffective assistance of counsel have been raised, we have ruled that the trial attorney's actions were based on vari-

ous trial strategies. See: *Martin v. State,* 623 S.W.2d 391 (Tex.Cr.App.1981); *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981); *Archie v. State,* 615 S.W.2d 762 (Tex.Cr. App.1981). However, abdication of a basic threshold responsibility, such as in the instant case, is the antithesis of a considered strategy. It is unthinkable that a reasonably effective trial attorney would, as a matter of tactics in any case, persuade his client to waive his constitutional right to a jury trial, knowing that such a waiver was not in his client's best interests.

In *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), the Supreme Court insisted:

"If the right to counsel as guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel...." 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773.

■ The evidence in the record shows that applicant's counsel did little trial preparation. Applicant's counsel convinced applicant to waive his right to a jury trial, even though such a waiver would not be advantageous to the applicant in any way, and would probably be sure to be disadvantageous. It is clear that applicant was not given competent advice and thus applicant was prevented from making an informed and conscious choice regarding his right to a jury trial.

The record supports the trial court's findings. Appellant's contentions of ineffective assistance of counsel are sustained. The relief sought is granted. The applicant is ordered released and remanded to the sheriff of Harris County to answer the indictment in Cause No. 273577 in the convicting court.

It is so ordered.