In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00007-CR


______________________________




JOSEPH STEVEN BONNER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 98F0480-202




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Joseph Steven Bonner appeals the revocation of his community supervision in each of four
cases. In 1988, Bonner pleaded guilty to felony driving while intoxicated (DWI). The trial court
sentenced him to five years' imprisonment, but suspended the imposition of his sentence and placed
him on five years' community supervision.

 In 1992, Bonner was indicted for two other felony DWI offenses. The State also filed a
motion to revoke Bonner's community supervision for the 1988 conviction. The trial court did not
hear these cases until 1995, when Bonner was indicted for a fourth felony DWI offense.

 Bonner pleaded guilty to the two 1992 felony DWI offenses and the 1995 felony DWI
offense. The trial court sentenced him to five years' imprisonment for each offense. The trial court
also revoked Bonner's community supervision in the 1988 conviction and sentenced him to five
years' imprisonment. All sentences were ordered to run concurrently. However, five months later,
the trial court placed Bonner on five years' "shock probation" in each case.

 In 2000, the State again moved to revoke Bonner's community supervision, alleging he
committed five violations of its terms. Specifically, the State alleged (1) that Bonner operated a
vehicle without an ignition interlock device installed on the vehicle, (2) that he failed to report to the 
community supervision department as directed, (3) that he failed to pay his supervision fees for five
months, (4) that he consumed alcohol, and (5) that he failed to report to the supervision office and
take Anabuse over a ten-day period. (1) 

 Bonner pleaded true to two of the State's allegations. The trial court found three of the
allegations true, revoked Bonner's community supervision in all four cases, and ordered the
execution of the remainder of his sentences.

 This opinion addresses the revocation of Bonner's community supervision for one of the 1992
felony DWI offenses, trial cause number 92F0480-202, for which he was convicted in 1995. Bonner
has also appealed the revocation of his community supervision in each of the other cases. We
address those appeals in separate opinions.

 We have this day released our opinion in Number 06-01-00006-CR, Joseph Bonner v. State
of Texas. Because the briefs and arguments are identical to those raised in this appeal, we affirm the
trial court's judgment.


 William J. Cornelius

 Chief Justice


Date Submitted: March 12, 2002

Date Decided: March 19, 2002


Do Not Publish
1. Anabuse is a drug that causes violent naseau and vomiting if the person ingests alcohol.



se" QFormat="true" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00119-CR

                                                ______________________________

 

 

                                 TREVOR ALLEN SARTOR,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 24028

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Trevor
Allen Sartor appeals from his conviction, on his open plea of guilty, of
aggravated robbery with a deadly weapon. 
The court sentenced him to thirty-five years imprisonment.  

            Sartors
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues, but explaining why they
cannot succeed.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Sartor on August 19, 2011, informing
Sartor of his right to file a pro se response and providing a copy of the
record for his use in doing so.  Sartor
filed his response on November 28, 2011. 
Counsel has also filed a motion with this Court seeking to withdraw as
counsel in this appeal.  

            We
have reviewed the response filed by Sartor. 
He argues that his plea was involuntary because his attorney was
ineffective in informing him he would be sentenced to life in prison if he pled
not guilty and that his attorney was unprepared to defend him after having been
appointed as counsel for only sixteen days. 
He also argues counsel was ineffective because he convinced Sartor to
waive his right to a jury trial, directing our attention to Ex parte Dunham, 650 S.W.2d 825 (Tex.
Crim. App. 1983) (holding in habeas proceeding that trial courts finding of
ineffective assistance, based on evidence elicited, was supported by recordno
trial preparation, and counsel testified he knew decision was disadvantageous
for applicant).  Finally, Sartor argues
that error is shown because appointed counsel did not have ten days to prepare
for the punishment portion of the trial pursuant to Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 2011).  

            Addressing
the last statement first, appellant misunderstands the nature of the
system.  The trial itself requires ten
days notice under the rules, but the trial is not divided into sections each
of which would require a separate ten-day notice between them.  That is true of the bifurcated proceeding that
occurs in a jury trial on a not guilty plea, as they are two parts of a single
proceeding, and also in a guilty plea such as this onewhere a bench trial
remains a unitary trial punctuated by a recess in the middle.  Barfield v. State, 63 S.W.3d 446, 45051 (Tex. Crim.
App. 2001).

            His
other arguments all revolve around a claimed ineffective assistance of counsel
under  Strickland v. Washington, 466 U.S. 668, 687 (1984).  This two-part test requires the defendant to
prove that counsels representation fell below an objective standard of
reasonableness.  Second, there must be a reasonable
probability that, but for counsels unprofessional errors, the result of the
proceeding would have been different.  Id.
 Where an appellate record is silent
as to why trial counsel failed to take certain actions, the appellant has
failed to rebut the presumption that trial counsels decision was in some way
reasonable.  See Mata v. State,
226 S.W.3d 425, 431 (Tex. Crim. App. 2007). 
The actions complained of are not ineffective on their face,
particularly in light of Sartors agreement on the record to make the plea and
the admonishments given about its results, and the appellate record is
otherwise silent about the motivations for those actions.  No genuinely arguable issue has been raised.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and find no genuinely arguable issue.  See
Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsels
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App. 2005).  

            We
affirm the judgment of the trial court.[1]

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          December 19, 2011

Date
Decided:             December 20, 2011

 

Do
Not Publish

 











[1]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsels request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3. (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.