NO. 07-02-0009-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 24, 2002

_____

WENDELL LOVELL WILLIAMSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 83592; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN, REAVIS and Johnson JJ.

Pursuant to a guilty plea, appellant Wendell Lovell Williamson was convicted of possession of marijuana (in an amount of two thousand pounds or less and more than fifty pounds). The trial court assessed punishment at ten years confinement and a $1,000 fine, but suspended sentence and placed appellant on community supervision. Asserting two points of error, appellant claims (1) the trial court erred in failing to comply with Tex. Code

CRIM. PROC. ANN. art. 26.13(a)4) (Vernon Supp. 2002), to admonish him as an "alien resident" in regard to his guilty plea; and (2) he was denied effective assistance of counsel. Based upon the rationale expressed herein, we affirm.

On January 17, 2001, appellant was observed driving a sport utility vehicle on Interstate Highway 10 near Beaumont, Texas. The vehicle he was driving was being followed too closely by a second sport utility vehicle, and officers observed the two vehicles change lanes together. Suspicious the vehicles were traveling together as narcotics couriers, officers stopped both vehicles separately for traffic violations. The occupants of the second vehicle and appellant denied traveling together, however, investigation revealed that the vehicle driven by appellant was registered in the name of one of the second vehicle's occupant's, and the two vehicles had been in communication via cell phone. Appellant consented to search of the vehicle he was driving and police recovered 102.5 pounds of marijuana. The two occupants of the second vehicle were photographed, fingerprinted, and released. Appellant was arrested and charged with possession of marijuana (in an amount of two thousand pounds or less and more than fifty pounds).

A plea agreement was negotiated between appellant and the State whereby he would receive deferred adjudication for ten years and a $1,000 fine in return for his guilty plea. On August 20, 2001, in preparation of his guilty plea, appellant executed written plea admonishments in accordance with TEX. CODE CRIM. PROC. ANN. art. 26.13(a)4) (Vernon

2

Supp. 2002). The court accepted the plea, but stated "no decision will be made until the report required by law is filed." Appellant, born in Jamaica, relocated to the United States at an early age, and was allegedly under the impression he was a United States citizen. The pre-sentence investigation report revealed in fact however that appellant was not a United States citizen, but rather, a resident alien. On October 1, 2001, the trial court, approving both the fine and the community supervision time contained in the agreed punishment recommendation, rejected the recommendation for deferred adjudication. The trial court notified appellant of his intent to enter an immediate adjudication of guilt, and queried appellant whether he still wanted to proceed with the guilty plea. Appellant answered in the affirmative, and the trial court entered a finding of guilt.[1]

By his first point, appellant argues the trial court erred in failing to comply with TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon Supp. 2002), to admonish him as an "alien resident" in regard to his guilty plea. Article 26.13(a)4) provides that prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

> the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law;

---

[1]Appellant's counsel states that immediately following the adjudication of guilt, appellant was arrested by two Immigration and Naturalization agents and detained for deportation proceedings. It is further alleged appellant had no prior awareness of his citizenship status. However, we cannot consider material that is outside the record. Brown v. State, 866 S.W.2d 675, 678 (Tex.App.–Houston [1st Dist.] 1993, pet. denied).

3

Appellant cites Morales v. State, 872 S.W.2d 753 (Tex.Cr.App. 1994), for the proposition that "the total failure of the trial court to admonish appellant concerning the possible effects of a plea of guilty to a non-citizen constitutes reversible error without the necessity of showing harm." Appellant argues the courts make a distinction between cases where the record is silent as to the defendant's citizenship and those where the record affirmatively reflects the defendant was a United States citizen, and that when the record so reflects, the deportation admonishment is immaterial. Dominguez v. State, 889 S.W.2d 13, 16 (Tex.App.–El Paso, no pet.). However, the Court of Criminal Appeals has expressly overruled that portion of *Morales* which appellant cites. In Cain v. State, 947 S.W.2d 262 264 (Tex.Cr.App. 1997), the Court formally rejected the "substantial compliance through immateriality doctrine" which was being used by some appellate courts to affirm convictions where the record established that the defendant was a U.S. citizen. The Court ruled that substantial compliance with the admonishment statute does not end the inquiry, but then a harmless error standard must be applied. *Id.* Further modifying the rule in Carranza v. State, 980 S.W.2d 653, 656 (Tex.Cr.App. 1998), the Court ruled the proper inquiry to follow is first to determine whether there has been substantial compliance, then next determine whether or not this error was of constitutional or non-constitutional magnitude, and from there, whether or not it was harmless.

4

Substantial compliance with the admonishment statute is all that is required. TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon Supp. 2002). Further, article 26.13(d) specifically provides:

> The court may make the admonitions required by this article *either orally or in writing*. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

(Emphasis added).

In this case, the court made the required admonishments in writing. It is conceded no oral admonishments were given, however, none are required under the statute. The trial court questioned appellant in open court about whether he understood everything he signed, and he answered affirmatively. Neither substantial compliance, constitutional error, nor harm are at issue because the court strictly complied with the statute by administering the required admonishment in writing. No error is presented. Point of error one is overruled.

By his second point of error, appellant argues he was denied effective assistance of counsel. The gist of his argument suggests that because trial counsel knew he was a resident alien, he was ineffective by (1) not persuading the court to follow the agreed punishment recommendation, and (2) allowing his client to enter the guilty plea. Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), a

5

defendant claiming ineffective assistance of counsel must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993), *cert. denied*, 510 U.S. 840, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771

(Tex.Cr.App. 1994). After proving error, a defendant must also affirmatively demonstrate prejudice. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id*.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Garcia*, 887 S.W.2d at 880. In Ex Parte Dunham, 650 S.W.2d 825, 826-27 (Tex.Cr.App. 1983) (en banc), counsel was found ineffective in one isolated instance. However, in *Dunham*, counsel's conduct prompted the client to waive his right to a jury trial knowing that the waiver was not in the client's best interest.[2]

There is nothing in the record to indicate appellant's counsel knew or should have known of his client's residency status, or alternatively, that he did not know, and engaged in a course of activity designed to vigorously represent his client. Appellate counsel speculates the tenor of questions to trial counsel by the trial court indicates that different responses might have encouraged the court to follow the agreed punishment recommendation. However, the appellate record is not adequately developed enough to sustain such an argument. On the face of the record, we cannot say that trial counsel's

---

[2]We note further that *Dunham* was determined in a habeas corpus proceeding where, unlike here, the record was fully developed.

conduct fell below an objective standard of reasonableness. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.