IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00122-CR

 

Albert James iii,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 252nd
District Court

Jefferson County, Texas

Trial Court # 81952

 



MEMORANDUM  Opinion



 

          Appellant Albert James III pled guilty
to possession of a controlled substance in a correctional facility.  Tex.
Pen. Code Ann. § 38.11(b) (Vernon 2004).  Judgment was initially deferred and James was
placed on probation for a period of five years and ordered to pay a $1,000
fine.  The State filed a subsequent
motion to revoke the probation based on new felony charges.  The trial court accepted James’s plea of true
to the new indictments and sentenced James to a two-year prison term.  James’s counsel filed an Anders brief.  See
Anders v. California,
386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1976).  We
will affirm.

          The brief thoroughly reviews the
indictment and statutes under which James was charged, the waiver of a trial by
jury, the sufficiency of the admonishments, and the punishment assessed.  In the brief, counsel states that “[a]fter
diligently reviewing the record in this case and researching the applicable
law, [he] has found no reversible error committed by the trial court and no
arguable grounds of error.”  See id. at 744.

          We have conducted an independent
review of the record to discover whether there are arguable grounds for
appeal.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).  We determine there are
none.  The indictment and motion to
revoke invoked the district court’s jurisdiction, and that court assessed
punishment within the range of punishment for the offense based on James’s plea
bargain.

          Accordingly, we affirm the judgment.  Counsel must advise James of our decision and
of his right to file a petition for discretionary review.  See
Sowels v. State, 45 S.W.3d 690, 694 (Tex.
App.—Waco 2001, no pet.).

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed October
 13, 2004

Do not publish 

 

[CR25]






sistance and made all significant decisions in the exercise of reasonable professional judgment.” 
Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. An allegation of ineffective assistance must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel’s performance must be
highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
      The second prong of Strickland requires a showing that counsel’s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. Id. at 686-87, 104
S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been different. Id. at
694; 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must be on the fundamental
fairness of the proceeding whose result is being challenged. Id. at 697, 104 S. Ct. at 2070.
      Under normal circumstances, the record on direct appeal will not be sufficient to show that
counsel’s representation was so deficient and so lacking in tactical or strategic decision-making
as to overcome the presumption that counsel’s conduct was reasonable and professional, and the
trial record rarely contains sufficient information to permit a reviewing court to fairly evaluate the
merits of such a serious allegation. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).
      Tate asserts that his counsel was ineffective in the following ways: 1. persuading Tate to
waive a jury trial because counsel was not prepared for the trial setting; 2. failing to file a motion
for discovery, a motion to suppress the complainant’s in-court identification of Tate, a motion in
limine relating to Tate’s prior criminal history, and a motion for the State to give notice of intent
to use extraneous offenses at trial; 3. failing to present any mitigating evidence during the
punishment hearing; 4. failing to call any witnesses on behalf of Tate at either the guilt-innocence
stage or the punishment stage of the trial; and 5. failing to object to an amendment of the
indictment.
      Tate suggests that his counsel was unprepared for trial, but there is nothing in the record to
indicate any such lack of preparedness. Tate urges that the filing of a handwritten waiver and the
failure to file numerous motions shows that his counsel was unprepared. None of these, either
individually or as a whole, shows that Tate’s counsel was not prepared for trial. Tate fails to
indicate any specific witness his counsel could have called, but did not, and what the witness’s
testimony would have been. He also fails to indicate what mitigating evidence his counsel might
have presented.
      With respect to the numerous motions Tate states that his attorney should have filed, he has
made no showing as to anything that could have been discovered, but was not, that would have
affected the outcome of the trial, nor does he suggest any basis for a legal challenge to Griffin’s
in-court identification, nor any legal basis that would prevent the State from cross-examining him
regarding his past criminal conduct. Nothing in the record shows any surprise at the State using
his past criminal record to impeach him at trial. We also note that the record reflects, at best, a
misreading of the indictment by the prosecutor, not a formal amendment to the indictment. There
is nothing to show that the result of the proceeding would have been different had the indictment
been read correctly.
      In urging that his counsel was ineffective, Tate relies on three cases: Ex parte Dunham, 650
S.W.2d 825 (Tex. Crim. App. 1983); Hernandez v. State, 943 S.W.2d 930 (Tex. App.—El Paso
1997), rev’d, 988 S.W.2d 770 (Tex. Crim. App. 1999); and Butler v. State, 716 S.W.2d 48 (Tex.
Crim. App. 1986). We find that all three cases are distinguishable. In Dunham, evidence at a
habeas corpus hearing showed that, at the time of trial, defense counsel was both mentally and
physically exhausted from several criminal jury trials and therefore persuaded the defendant to
waive his right to a jury trial so that counsel would not have to prepare for the voir dire of a jury. 
Dunham, 650 S.W.2d at 826. Counsel acknowledged that he knew this course of action was not
advantageous to the defendant and that it was bad legal advice. Id. Additionally, the evidence
showed that counsel had done little preparation for trial. Id. at 827. In the case at bar there is no
evidence that counsel was mentally or physically exhausted and no evidence that counsel had done
little trial preparation.
      In Hernandez, evidence presented at a hearing on the defendant’s motion for new trial showed
that trial counsel met with the defendant for the first time on the day before trial and “tried the
case blind.” Hernandez, 943 S.W.2d at 934-35. In the case at bar there is no indication that
counsel met with Tate for the first time the day before trial or that counsel “tried the case blind.”
      In Butler, evidence at the hearing on the defendant’s motion for new trial showed that counsel
did not seek out or interview any potential witness, thereby depriving him of two witnesses who
would have challenged the victim’s eyewitness identification of the defendant and at least one alibi
witness. Butler, 716 S.W.2d at 55-56. Tate suggests that family members were available to
testify concerning his identification or perhaps as to alibi, but he has not identified any particular
family member whom his counsel should have called and therefore not shown what that witness’s
testimony would have been. In Butler, the witnesses whom counsel failed to call testified at the
hearing on the motion for new trial, either testifying that the defendant was not the person who
left the scene immediately after the robbery or that he was somewhere else at the time. Id. at 56. 
We hold that Tate failed to show that he was denied effective assistance of counsel. We overrule
point two.
      The judgment is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed August 4, 2003
Do not publish
[CRPM]