In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00119-CR

                                                ______________________________

 

 

                                 TREVOR ALLEN SARTOR,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 24028

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Trevor
Allen Sartor appeals from his conviction, on his open plea of guilty, of
aggravated robbery with a deadly weapon. 
The court sentenced him to thirty-five years’ imprisonment.  

            Sartor’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues, but explaining why they
cannot succeed.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Sartor on August 19, 2011, informing
Sartor of his right to file a pro se response and providing a copy of the
record for his use in doing so.  Sartor
filed his response on November 28, 2011. 
Counsel has also filed a motion with this Court seeking to withdraw as
counsel in this appeal.  

            We
have reviewed the response filed by Sartor. 
He argues that his plea was involuntary because his attorney was
ineffective in informing him he would be sentenced to life in prison if he pled
not guilty and that his attorney was unprepared to defend him after having been
appointed as counsel for only sixteen days. 
He also argues counsel was ineffective because he convinced Sartor to
waive his right to a jury trial, directing our attention to Ex parte Dunham, 650 S.W.2d 825 (Tex.
Crim. App. 1983) (holding in habeas proceeding that trial court’s finding of
ineffective assistance, based on evidence elicited, was supported by record—no
trial preparation, and counsel testified he knew decision was disadvantageous
for applicant).  Finally, Sartor argues
that error is shown because appointed counsel did not have ten days to prepare
for the punishment portion of the trial pursuant to Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 2011).  

            Addressing
the last statement first, appellant misunderstands the nature of the
system.  The trial itself requires ten
days’ notice under the rules, but the trial is not divided into sections each
of which would require a separate ten-day notice between them.  That is true of the bifurcated proceeding that
occurs in a jury trial on a not guilty plea, as they are two parts of a single
proceeding, and also in a guilty plea such as this one—where a bench trial
remains a unitary trial punctuated by a recess in the middle.  Barfield v. State, 63 S.W.3d 446, 450–51 (Tex. Crim.
App. 2001).

            His
other arguments all revolve around a claimed ineffective assistance of counsel
under  Strickland v. Washington, 466 U.S. 668, 687 (1984).  This two-part test requires the defendant to
prove that counsel’s representation fell below an objective standard of
reasonableness.  Second, there must be a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Id.
 Where an appellate record is silent
as to why trial counsel failed to take certain actions, the appellant has
failed to rebut the presumption that trial counsel’s decision was in some way
reasonable.  See Mata v. State,
226 S.W.3d 425, 431 (Tex. Crim. App. 2007). 
The actions complained of are not ineffective on their face,
particularly in light of Sartor’s agreement on the record to make the plea and
the admonishments given about its results, and the appellate record is
otherwise silent about the motivations for those actions.  No genuinely arguable issue has been raised.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See
Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsel’s
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            We
affirm the judgment of the trial court.[1]

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          December 19, 2011

Date
Decided:             December 20, 2011

 

Do
Not Publish

 











[1]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsel’s request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3. (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.