

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00119-CR

_____

TREVOR ALLEN SARTOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 24028

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Trevor Allen Sartor appeals from his conviction, on his open plea of guilty, of aggravated robbery with a deadly weapon. The court sentenced him to thirty-five years' imprisonment.

Sartor's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail, providing possible issues, but explaining why they cannot succeed. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Sartor on August 19, 2011, informing Sartor of his right to file a pro se response and providing a copy of the record for his use in doing so. Sartor filed his response on November 28, 2011. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have reviewed the response filed by Sartor. He argues that his plea was involuntary because his attorney was ineffective in informing him he would be sentenced to life in prison if he pled not guilty and that his attorney was unprepared to defend him after having been appointed as counsel for only sixteen days. He also argues counsel was ineffective because he convinced Sartor to waive his right to a jury trial, directing our attention to *Ex parte Dunham*, 650 S.W.2d 825 (Tex. Crim. App. 1983) (holding in habeas proceeding that trial court's finding of ineffective

assistance, based on evidence elicited, was supported by record—no trial preparation, and counsel testified he knew decision was disadvantageous for applicant). Finally, Sartor argues that error is shown because appointed counsel did not have ten days to prepare for the punishment portion of the trial pursuant to TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West Supp. 2011).

Addressing the last statement first, appellant misunderstands the nature of the system. The trial itself requires ten days' notice under the rules, but the trial is not divided into sections each of which would require a separate ten-day notice between them. That is true of the bifurcated proceeding that occurs in a jury trial on a not guilty plea, as they are two parts of a single proceeding, and also in a guilty plea such as this one—where a bench trial remains a unitary trial punctuated by a recess in the middle. *Barfield v. State*, 63 S.W.3d 446, 450–51 (Tex. Crim. App. 2001).

His other arguments all revolve around a claimed ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This two-part test requires the defendant to prove that counsel's representation fell below an objective standard of reasonableness. Second, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). The actions complained of are not ineffective on their face, particularly in

3

light of Sartor's agreement on the record to make the plea and the admonishments given about its results, and the appellate record is otherwise silent about the motivations for those actions. No genuinely arguable issue has been raised.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[1]

Bailey C. Moseley
Justice

Date Submitted:      December 19, 2011
Date Decided:       December 20, 2011

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.