STATE of Texas, Appellant,

v.

Raymond Lee BATES, Appellee.

No. 11–92–032–CR.

Court of Appeals of Texas,
Eastland.

June 18, 1992.

Rehearing Denied July 16, 1992.

Leslie B. Vance, Crim. Dist. Atty., Eastland, for appellant.

Garry Lewellen, McMillan & Lewellen, Martin L. Peterson, Stephenville, for appellee.

OPINION

PER CURIAM.

This is an appeal by the State pursuant to TEX.CODE CRIM.PRO.ANN. art. 44.01 (Vernon Supp.1992).

The jury convicted Raymond Lee Bates of the offense of aggravated sexual assault of a child. The trial court assessed punishment. After a presentence investigation report, the trial court sentenced appellant, on July 1, 1991, to confinement for 20 years. Bates timely filed a motion for new trial which was granted "as to punishment only" on July 3, 1991. On February 3, 1992, Bates filed a "motion regarding conduct of trial" which stated in part:

> As a matter of law, this case was thus restored to its position before the former trial, and the prior conviction cannot be regarded as a presumption of guilt, or

alluded to in argument or in the presence of the jury. Tex.R.App.P. 32.

WHEREFORE, Defendant prays that any re-trial of this case be conducted in accordance with Tex.R.App.P. 32 and the prior final order of this court granting a new trial, and without regard to the verdict returned by the jury upon the first trial of this case.

On February 4, 1992, the trial court granted the motion and ordered that "the case is restored to its position before the former trial, including, at the option of either party, arraignment or pretrial proceedings initiated by that party." The State appeals the February 4 order.

■ In its first point of error, the State contends that the February 4 order is "null and void by operation of law." We agree. The February 3 motion, which sought an entire new trial, was filed 218 days after the sentence was imposed in open court. This motion was not timely filed pursuant to Tex.R.App.P. 31(a)(1) and (2). The trial court had no authority to consider the late motion. *Beathard v. State*, 767 S.W.2d 423 (Tex.Cr.App.1989); *Drew v. State*, 743 S.W.2d 207 (Tex.Cr.App. 1987). The State has properly challenged the granting of a new trial by perfecting an appeal. See Article 44.01(a)(3); *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1974). The trial court lacked authority to grant the out-of-time motion in its February 4 order. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47 (Tex.Cr.App.1987). The first point is sustained.

■ In its second point, the State challenges the July 3, 1991, order granting a new trial as to punishment only.

Tex.R.App.P. 30(a) defines "new trial" as "the rehearing of a criminal action after a finding or verdict of guilt has been set aside upon motion of an accused." Tex. R.App.P. 32 provides that:

Granting a new trial restores the case to its position before the former trial including, at the option of either party, arraignment or pretrial proceedings initiated by that party. The prior conviction shall not be regarded as a presumption of guilt, nor shall it be alluded to in argument or in presence of jury.

Tex.Code Crim.Pro.Ann. art. 44.29(b) (Vernon Supp.1992) provides that:

If the Court of Appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code.

There is no provision for the granting of a "partial" new trial "as to punishment only" by the trial court; therefore, the July 3 order did not make a ruling in compliance with Tex.R.App.P. 31(e)(2). Consequently, the failure to grant or refuse the motion for new trial for both phases of trial results in the motion being overruled by operation of law. Tex.R.App.P. 31(e)(3).

The July 3, 1991, order granting a motion for new trial as to punishment only and the February 4, 1992, order restoring the case to "its position before the former trial" are set aside. Bates' contentions should be raised in a post-conviction writ of habeas corpus pursuant to Tex.Code Crim.Pro.Ann. art. 11.07 (Vernon 1977 & Supp.1992).