**The STATE of Texas, Appellant,**

v.

**William Aaron HIGHT, Appellee.**

No. C14–93–00195–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 21, 1994.

Rehearing Denied June 16, 1994.

David S. Barron, Anderson, for appellant.

Phillip C. Banks, Bryan, for appellee.

Before ROBERTSON, MURPHY and MORSE (Sitting by Designation), JJ.

## OPINION

MURPHY, Justice.

Appellee entered a plea of not guilty before the jury to the offense of intentionally and knowingly causing injury to a child. The jury found him guilty of the lesser included offense of recklessly causing injury to a child. The court assessed punishment at one (1) year confinement in the Grimes County Jail. Appellee filed a motion for new trial claiming that the Probation Officer failed to prepare a Pre-Sentence Report that was fair, neutral, and impartial. The motion was granted by the trial court, without a hearing, as to the punishment phase of the trial only. The State of Texas appeals and brings three points of error. We affirm.

In their first point of error, the State contends that the trial court abused its discretion in granting a new trial as to the sentencing only. This Court recently held that where error occurs in the punishment phase of trial only, a trial court errs if it grants a mistrial as to the entire case. *Monroe v. State*, 871 S.W.2d 801, 806 (Tex.App.—

Houston [14th Dist.] 1994, no pet. h.). Our decision, in effect, held that trial courts have the power to grant new trials as to sentencing only.

Upon review, we conclude that our holding is sound. When error occurs in the punishment phase of trial, the jury's decision is tainted as to the sentence only. The integrity of the jury's decision on guilt or innocence remains unimpaired. Consequently, retrial of the entire case wastes judicial assets.[1]

A trial court should have the power to grant a new trial as to punishment only. Such a rule serves the interests of justice. It does not discard the hard work a conscientious jury engaged in during the guilt-innocence stage of trial. It does not put both the defendant and the State to the expense of a whole new trial. It does not subject the victim, witnesses, and family members and friends to the rigors of yet a second trial on guilt or innocence. Finally, it does not tie up additional judicial assets by forcing a whole new trial, or by forcing the defendant to appeal to higher courts.

We acknowledge that our decision conflicts with that of the court of appeals in *State v. Bates*, 833 S.W.2d 643 (Tex.App.—Eastland 1992, pet. granted). In a well reasoned opinion, the court held that the appellate rules make no provision for a trial court to grant a new trial as to punishment only. *Id.* at 644. A strict construction of the rules supports that court's holding.

Nevertheless, for the reasons stated above, we choose an alternate path. In support of our holding, we take note of a recent Court of Criminal Appeals decision which held that a defendant could file a motion for new trial "in the interest of justice," even though such

1. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1994), was amended in 1987 to give appellate courts the power to award new trials as to punishment only. The amendments did away with the former, undesirable rule which did not let appellate courts resort to this remedy when error occurred only in the sentencing phase of a trial. Thus, the old rule forced appellate courts to grant more relief than was necessary to cure such errors. *See, Cooper v. State,* 769 S.W.2d 301, 305 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd)). We note however, that under the prior rule there was a well known exception established by case law. This exception permitted an appellate court to award a new trial on sentencing if trial on guilt had been before a jury, but sentencing had been done by the judge. *Id.* (and cases cited therein).

The amendment of article 44.29(b) was considered a "vast improvement" over the former rule. *Id.* Were we to hold that a trial court did not have a similar power to cure sentencing errors, then we would foil the public policy goals underlying the amendment. Therefore, we believe that the better course would be to establish an exception based upon those policy goals.

grounds were not one of those enumerated in TEX.R.APP.P. 30(b). *State v. Gonzales,* 855 S.W.2d 692, 694–695 (Tex.Crim.App.1993). Clearly, if a trial court can grant a new trial "in the interest of justice," even though such is not provided for in the rules, then, by logical extension, a trial court should also be permitted to grant a new trial as to sentencing only.[2] Such a holding promotes the interests of justice and fosters judicial economy. We overrule the State's first point of error.

In their second and third points of error, the State argues that the trial court abused its discretion in granting the motion for new trial (1) without hearing any evidence thereon, and (2) because reasonable grounds did not exist for the decision. The crux of the State's complaint is that the probation officer's alleged bias, which constituted the basis of appellee's motion for new trial, was not determinable from the record. Therefore, argues the State, the trial court should not have granted appellee's motion. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App. 1993) (court abuses discretion by granting motion for new trial that raises matters not determinable from the record).

We disagree. In *State v. Gonzales,* 855 S.W.2d 692, 694–695 (Tex.Crim.App.1993), the Court held that either the motion for new trial, or its supporting affidavit, must allege sufficient grounds to apprise the trial judge and the State as to why the defendant is entitled to a new trial. Appellee's motion specifically alleged,

> The extremely biased testimony of Ms. Davis at the Sentencing Hearing, taken in conjunction with the partisan and one sided pre-sentence report shows that at some juncture Ms. Davis abandoned her role as a neutral Probation Officer and assumed the role of Avenger in this case. Due to this misconduct by the Probation Officer, the Defendant was denied due process of law and equal protection under the law guaranteed to him by both the U.S. and Texas Constitutions.

 The motion alleged sufficient grounds to apprise both the trial judge and the State of appellee's specific complaint: the bias of the probation officer and her report. Moreover, it specifically directed the trial court's attention to the probation officer's testimony during the punishment hearing. The judge was able to review both her testimony and the report as both were in the record. Thus, he was able to reconsider this evidence and base a decision upon it. Evidently, the judge did so and concluded that the officer's pre-sentencing report was indeed biased. Appellee's motion for new trial raised matters that were determinable from the record. Reasonable grounds did exist for the judge's decision. Consequently, we overrule the State's last two points of error. We affirm the judgment.

</div>

---

**2.** We find it significant that Justice Meyers, in a concurring opinion, stated that the issue of whether a trial court could grant a new trial for sentencing only, or whether it must grant an entire new trial, was "unclear." *Id.* at 698 (cit-

ing *Bates v. State,* 833 S.W.2d 643 (Tex.App.— Eastland 1992, pet. granted). To the best of our knowledge, *Bates* was the only Texas case at that time to address the issue one way or another.