The STATE of Texas, Appellant,

v.

Raymond Lee BATES, Appellee.

No. 1205–92.

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1994.

Martin L. Peterson and Garry Lewellen, Stephenville, for appellee.

Leslie B. Vance, Dist. Atty., and William C. Dowell, Asst. Dist. Atty., Eastland, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellee was convicted by jury of the offense of aggravated sexual assault of a child. On July 1, 1991, the trial court assessed punishment and sentenced appellee to 20 years imprisonment. Appellee filed a timely motion for new trial on July, 3, 1991. The trial court, on the same date entered an order entitled "Order Granting New Trial as to Punishment Only." On February 3, 1992, appellee filed a "Motion Regarding Conduct of Trial." Based upon appellee's motion, the trial court restored appellee's case, "to its position before the former trial, including at the option of either party, arraignment or pretrial proceedings initiated by that party," by order dated February 4, 1992. The State appealed the February 4th order. The Eastland Court of Appeals reversed the trial court's orders and reinstated appellee's conviction. *State of Texas v. Bates,* 833 S.W.2d 643 (Tex.App.—Eastland 1992).

Appellee filed a petition for discretionary review, alleging first that the Eastland Court of Appeals erred in holding that it had jurisdiction over the State's appeal pursuant to art. 44.01(a)(3) of the Code of Criminal Procedure because the trial court's February 4th

order did not grant a new trial. In his second ground for review, appellee contends that the court of appeals erred in reviewing the July 3rd order of the trial court on the grounds that the State failed to timely perfect an appeal from such order. Finally, in his third ground for review, appellee alleges that the court of appeals erred in holding that the phrase "as to punishment only," in the trial court's July, 3, 1991 order rendered such order a nullity which resulted in the motion being overruled by operation of law. We granted appellee's petition for discretionary review on the above grounds.

An overview of the procedural history is essential to the disposition of this case. A jury convicted appellee of aggravated sexual assault of a child. Erroneously believing that the trial judge could grant probation, appellee's lawyer requested that the trial court assess punishment. The trial court sentenced the appellee to 20 years confinement. Upon realizing that only a jury could have granted probation, *see* Tex.Code Crim. Pro. Art. 42.12, Sections 3 and 4, appellee filed a Motion for New Trial alleging that his lawyer's mistake denied him effective assistance of counsel.[1] The trial court then granted appellee a new trial "as to punishment only" on July 3, 1991. On February 3, 1992, 218 days after sentence was imposed in open court, appellee filed a "Motion Regarding Conduct of Trial" alleging that pursuant to Tex.R.App.Pro. 32, the trial court was without the authority to grant a new trial with respect to punishment only. Appellee argued that Rule 32 vests the trial court with

the authority only to grant an entirely new trial and as such, the July 3rd order had the effect of restoring the case to its position before the trial. On February 4, 1992 the trial court entered an "Order on Defendant's Motion Regarding Conduct of Trial" in which the trial court concurred that it could not grant a new trial on the issue of punishment alone, and that the effect of its earlier order on appellee's motion was not to grant a new trial on the issue of punishment only, but rather, "had the effect granting a new trial upon the whole case." The trial court therefore ordered in pertinent part that:

> [T]he case is restored to its position before the former trial, including, at the option of either party, arraignment or pretrial proceedings initiated by that party.

█ The State appealed the trial court's February 4, 1992 order to the Eleventh Court of Appeals in a manner consistent with Tex.R.Crim.Pro. 44.01(a)(3). The Court of Appeals held that the February 4th order was "null and void by operation of law" by finding that appellee's "Motion Regarding Conduct of Trial" was in actuality, a motion for new trial. The appellate court then determined that based upon Tex.R.App.Pro. 31(a) appellee's motion was not timely filed,[2] and therefore would not support the trial court's February 4th order. *Bates*, 833 S.W.2d at 644.

Via the same appeal, the State also challenged for the first time, the trial court's order entered July 3, 1992.[3] The Court of

---

1. Appellee alleged that he received ineffective assistance of counsel during the punishment phase of trial when counsel failed to inform him that the trial court could not grant probation if appellee was found guilty of aggravated sexual assault. *See* Tex.Code Crim.Pro. Art. 42.12, Section 3(g)(1)(E). Appellee claimed that due to counsel's misadvise, he did not elect to have a jury sentence him and was effectively denied the right to make such an election.

 This Court has held that erroneous advice which prevents a defendant from making an informed and conscious choice about whether to waive his right to a jury trial renders counsel's assistance ineffective and may constitute grounds for a new trial. *Ex parte Canedo*, 818 S.W.2d 814 (Tex.Crim.App.1991); *see also, Reyes v. State*, 849 S.W.2d 812 (Tex.Crim.App.1993); *Ex Parte Dunham*, 650 S.W.2d 825 (Tex.Crim.App.1983). For example, in *Canedo*, this Court set aside the

judgment and sentence of the trial court and remanded the cause pursuant to Art. 44.29(b) due to defense counsel's failure to inform his client that the judge could not award probation upon a finding of guilty of aggravated sexual assault. *Ex parte Canedo*, 818 S.W.2d at 815.

2. TEX.R.APP.P. 31(a) states that a party has 30 days to move for a new trial after sentencing or to amend the motion for new trial before it is ruled on.

3. The State declared that it initially decided against appealing the July 3, 1991 order based upon the belief that appellee would receive a new punishment hearing if appellee's claim of ineffective assistance of counsel was raised on appeal. Even at this late date, the State does not dispute appellee's claim that he was denied effective assistance of counsel during the punishment portion of his trial.

Appeals set aside the trial court's July 3rd order granting a new trial "as to punishment only," by finding that the July 3rd order did not comport with Tex.Code Crim.Pro. Art. 44.29(b), which allows only a Court of Appeals or the Court of Criminal Appeals to grant "partial" new trials solely with respect to punishment. The Court held that since the trial court acted outside of its authority by granting the appellee's first motion as it did, it effectively failed to grant or refuse the motion in conformity with Tex.R.App.Pro. 31(e)(3), and thus found the motion overruled by operation of law. The Court of Appeals therefore reversed the decision of the trial court, reinstated appellee's conviction and then advised appellee to raise his claims in a post-conviction writ of habeas corpus.[4] *Bates,* 833 S.W.2d at 644.

In his first ground for review, appellee claims that the Eastland Court of Appeals erred in holding that it had jurisdiction over the State's appeal pursuant to Tex.Code Crim.Pro. Art 44.01(a)(3).[5] Appellee contends that the appellate court was without jurisdiction to consider the State's appeal because the February 4th order was not a grant of a new trial, and was therefore not appealable under Art. 44.01(a)(3). Appellee claims the July 3rd order already gave appellee a new trial and the "Motion Regarding Conduct of Trial" was simply a request for a correction of the July 3rd Order. Appellee concludes the trial court's order of February 4th, was merely a correction or clarification of the July 3rd order which was not reviewable by the Eastland Court of Appeals pursuant to 44.01(a)(3).

 The Rules of Appellate Procedure allow a trial court to modify, correct or set aside judgments and orders through motions for new trial, motions to arrest judgment and motions for judgment nunc pro tunc. Tex. R.App.Pro. 30, 33 and 36. Rule 36 vests a trial court with the authority to correct mistakes or errors in a judgment or order after

the expiration of the court's plenary power, via entry of a judgment nunc pro tunc. A judgment nunc pro tunc, which literally means "now for then," may not be used to correct "judicial" errors, i.e., those errors which are a product of judicial reasoning or determination. Instead, nunc pro tunc orders may be used *only* to correct clerical errors in which no judicial reasoning contributed to their entry, and for some reason were not entered of record at the proper time. *See Alvarez v. State,* 605 S.W.2d 615 (Tex. Crim.App.1980) (holding erroneous recitation that judgment was entered in Criminal District Court Number Three could be corrected nunc pro tunc as clerical error to reflect that the judgment was entered in Criminal District Court. Number Two sixth months after entry of final judgment). By the same reasoning, this Court has declared that absent clerical errors a trial court can not alter orders granting a new trial outside the time of its plenary power. *Moore v. State,* 749 S.W.2d 54, 58 (Tex.Crim.App.1988). If a trial court has jurisdiction and authority to grant a timely filed motion for new trial and does so, any attempts to rescind such order based upon judicial reasoning or interpretation of laws or statutes will fail. *Compare, Moore v. State,* 749 S.W.2d 54 (Tex.Crim.App.1988) (trial court's order granting new trial on ground of insufficient evidence was based upon judicial reasoning and could not be rescinded even where fraud and bad faith may have played a part in granting new trial); *with English v. State,* 592 S.W.2d 949 (Tex.Crim.App.1980) (order granting new trial considered a clerical error where order signed with group of papers and the trial court had no intention of granting defendant a new trial).

 Appellee's claim that the Motion Regarding Conduct of Trial was the functional equivalent of a motion for judgment nunc pro tunc is flawed in several respects. The express terms of the order on appellee's motion

---

4. *Cf. Ex parte Canedo,* 818 S.W.2d 814, 815 (Tex. Crim.App.1991) (obtaining jurisdiction over claim of ineffective assistance of counsel for the punishment phase of trial via post conviction writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure); *and* note 1, *supra.*

5. Art. 44.01. reads in pertinent part:

 (a) The state is entitled to appeal an order of a court in a criminal case if the order:

 . . . . .

 (3) grants a new trial; ...

for new trial clearly state that appellee was to receive a new trial with respect to punishment only. The trial court's subsequent order on appellee's Motion Regarding Conduct of Trial recites the trial court's conclusion that:

> "this trial court could not grant a partial new trial on the issue of punishment alone and that the effect of the granting of Defendant's Motion for New Trial herein had the effect of granting a new trial upon the whole case."

The trial court therefore restored the cause to its position before the former trial "in accordance with Tex.R.App.Pro. 32." *Bates,* 833 S.W.2d at 644. This alteration of judgment was not a mere change of a date, or correction of a court number, but rather was a legal interpretation of the Rules of Appellate Procedure which relied upon judicial reasoning. The error corrected was not clerical in nature, thus the "Order on Defendant's Motion Regarding Conduct of Trial" does not fall within the confines of a judgment nunc pro tunc.

■■ Regardless of the title given, the "Order on Defendant's Motion Regarding Conduct of Trial" is quite simply an order granting a new trial. *See* Tex.R.App.Pro. 30, 32. The order tracks verbatim the language of Tex.R.App.Pro. 32, and cites Rule 32 as authority. By it's express terms the intended effect of the Order was to "restore the case to its position before the former trial including, at the option of either party, arraignment or pretrial proceedings initiated by that party." *Bates,* 833 S.W.2d 643–44. This is a grant of a new trial, which could only have been entered if requested with a timely filed motion and within the time prescribed by Tex.R.App. 31(e). Because the actual effect of the "Order on Defendant's Motion Regarding Conduct of Trial" was to grant a new trial, and because the State's appeal was timely, the Eastland Court of Appeals properly acquired jurisdiction over the State's appeal. *See* Tex.Code Crim.Pro. Art. 44.01(a)(3). Moreover, because the trial court's order granting a new trial on February 4, 1992 was entered more than 75 days after the judgment, the Court of Appeals did not err to hold that it was void. Appellee's first ground for review is overruled.

■ In his second ground for review, appellee contends that the Court of Appeals erred in reviewing the trial court's July 3rd order granting a new trial "on punishment only" on the grounds that the State failed to timely perfect an appeal from such order. Although appellee raised the issue, the Eastland Court of Appeals did not address its own jurisdiction to consider the order, and instead limited its decision to whether the trial court had authority to grant a new trial on punishment only. The Court of Appeals was correct when it noted that a trial court has but three options when confronted with a motion for new trial, to grant the motion, refuse the motion, or fail to rule, thereby overruling the motion by operation of law after the expiration of 75 days. Tex.R.App. Pro. 31(e). Once a new trial has been granted by a trial court the effect of that order is governed by the Rules of Appellate Procedure and may not be supplanted by a trial court. Rule 32 of the Rules of Appellate Procedure clearly pronounces that granting a new trial by a trial court "restores the case to its position before the former trial."

■ Conversely, a new trial for the punishment stage of a criminal action may be granted under Tex.Code Crim.Pro. Art. 44.29. Art. 44.29(b) reads in pertinent part:

> If the *court of appeals* or the *Court of Criminal Appeals* awards a new trial to a defendant . . . only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07 of this code. (emphasis added).

Notably, trial courts are not listed among the courts which may grant a new trial solely on the issue of punishment in Art. 44.29(b). By reading Rule 32 in conjunction with Art. 44.29, it is apparent that the Eastland Court of Appeals was correct in its conclusion that a trial court may not order a new trial on the issue of punishment only, and that such an

order may come only from an appellate court. However, such a holding begs the question of whether the Eastland Court of Appeals was *itself without the authority* to review the order in the first place.

 The July 3rd order was titled "Order on Defendant's Motion for New Trial" and was entered after appellee filed a motion requesting a new trial. The terms of the order purported to grant appellee's motion, albeit, for the punishment stage of trial only. The State was entitled to appeal the trial court's order pursuant to Tex.Code Crim.Pro. Art. 44.01(a)(3), provided however, that the State complied with Art. 44.01(d). Article 44.01(d) states;

> The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

The language of Art. 44.01(d) expressly prohibits the State from appealing the trial court's July 3rd order on appellee's motion for new trial more than 15 days after the entry of the order. *Id.* The mere fact that the order was entered inartfully or improperly does not excuse the State's failure to comply with the Rules of Appellate Procedure; nor will it confer upon an appellate court the authority to entertain an appeal where no appeal was perfected. Because the State failed to appeal the July 3rd order in accordance with Art. 44.01(d), it was not properly presented to the Eleventh Court of Appeals. Consequently, the Eleventh Court of Appeals was without the authority to rule upon the July 3rd order. Appellee's second ground for review is sustained and the Court of Appeals' decision setting aside the July 3rd order is accordingly reversed.

Appellee's third ground for review, in which he alleges that the court of appeals erred in holding that the phrase, "as to punishment only," rendered the July 3rd order a nullity and resulted in the motion being overruled by operation of law, is predicated upon a finding that the court of appeals had authority to rule upon the order. Because we hold that the court of appeals lacked the necessary authority to determine the validity of the order, appellee's third ground for review is likewise improperly before this Court on petition for discretionary review. Appellee's third ground for review is accordingly dismissed.

This cause is remanded to the trial court for further proceedings consistent with this opinion.

CLINTON, Judge, concurring.

This matter is bogged down in a swamp of procedural semantics. Manifestly, on July 3, 1991, the trial judge intended to grant a new trial, mistakenly believing it could be limited to punishment only. Giving Article 44.01(a)(3), V.A.C.C.P., a fair reading, the State was entitled to appeal the order under the rubric of the generic term "new trial." However, it failed to give timely a notice of appeal. Thus the order effectively granting an unlimited new trial became final. As a matter of law the order "restores the case to its position before the former trial[.]" Tex. R.App.Pro., Rule 32. Therefore, subsequent proceedings on and after February 2, 1992, are in effect nullities, and I agree the judgment of the court of appeals must be reversed.

Accordingly, exercising power of this Court over procedural matters in criminal cases, Article V, § 5, Constitution of the State of Texas; Article 4.04, § 2; Articles 44.25, 44.33(a), Article 44.45(a), (b) and (c), V.A.C.C.P., to reverse the judgment of the court of appeals, the Court should not only remand this cause to the trial court but also remand appellant to the custody of the sheriff of Eastland County (if not presently in his custody) to answer the indictment in this cause.

For those reasons and with elaborations concerning "further proceedings" on remand, I join the judgment of the Court.

McCORMICK, Presiding Judge, concurring and dissenting.

I concur with the disposition of appellee's first ground for review. I dissent to the disposition of appellee's second ground for review.

I would hold the July 3, 1991, order granting a new trial "as to punishment only" was not an appealable order because none of the provisions in Article 44.01, V.A.C.C.P., allow an appeal from such an order by the State; Article 44.01(a)(3), V.A.C.C.P., allows the State to appeal only from an order "granting a new trial." But see *State v. Kanapa*, 795 S.W.2d 36, 37 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Since the July 3, 1991, order, was not an appealable order, I also would hold the Court of Appeals had jurisdiction to review this order, and set it aside, in the State's appeal from the trial court's February 3, 1992, order granting a new trial. See Tex.R.App.Proc. 41(b)(1) (a State's appeal is perfected when notice of appeal is filed within fifteen days after the day sentence is imposed or suspended in open court or the day an *appealable* order is signed by the trial judge); see also *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex.Cr.App.1993) (timetable for State's notice of appeal begins on the day of the signing of an appealable order). I would further hold the Court of Appeals was correct in deciding that appellee's remedy is to raise his contentions in a post-conviction writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Finally, the Court remands this cause to the trial court "for further proceedings consistent with this opinion." But, what will these proceedings be? In its disposition of appellee's first ground for review, the Court all but says the July 3, 1991, order is void because the trial court lacked the authority to grant a new trial "as to punishment only." But in its disposition of appellee's second ground for review, the Court also says the Court of Appeals was without authority "to rule upon the July 3rd order" because the State did not timely perfect an appeal from that order. Does the trial court, *sua sponte,* have the authority to set aside the July 3, 1991, order, should it understand the majority to be saying that order is void? Or, will the trial court hold a hearing "as to punishment only" pursuant to the July 3, 1991, order, which the Court, in effect, says is void? Or, will the State file a mandamus action in an attempt to void the July 3, 1991, order even though, according to the Court, the State had an adequate remedy to challenge that order by appealing from it? This case is beginning to take on the characteristics of a procedural quagmire. Therefore, I dissent.

WHITE and OVERSTREET, JJ, join.