

★  ★  ★                                    ★  ★  ★

# MEMORANDUM OPINION

Nos. 04-08-00164-CR, 04-08-00165-CR, 04-08-00166-CR

Abel **MORIN**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court Nos. 06-CRD-95, 06-CRD-96, 06-CRD-97
Honorable Alex William Gabert, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:   May 20, 2009

JUDGMENT NUNC PRO TUNC IS VACATED AND ORIGINAL JUDGMENT
REINSTATED; AS REINSTATED, ALL JUDGMENTS AFFIRMED

Abel Morin, Jr. was convicted by a jury of burglary of a habitation, aggravated sexual assault,

aggravated kidnapping, and two counts of sexual assault of a child. Morin elected punishment by

the trial court. The State sought to enhance all counts based upon a previous felony conviction; the

trial court found the conviction to be true, and sentenced Morin to five life sentences to run

concurrently, including mandatory life on three counts pursuant to subsection 12.42(c)(2) of the Texas Penal Code. Two months later, the trial court issued a Judgment Nunc Pro Tunc (JNPT) amending the judgment for Morin's aggravated kidnapping conviction. Morin appeals the trial court's judgments in three issues, alleging: (1) the trial court erred by entering a JNPT on aggravated kidnapping because the change reflected application of judicial reasoning rather than correction of a clerical error; (2) the trial court erred in sentencing him in accordance with a different subsection of the Penal Code than that under which he was indicted and the jury was charged, and alternatively, that the trial court did not consider the full range of sentencing available under the correct subsection of the Penal Code; and (3) the State failed to prove Morin's prior felony conviction met the appropriate requirements necessary to warrant enhancement of his sentences.

## BACKGROUND

On July 22, 2006, M.D.L. sought help, claiming she had been raped, her fifteen-year-old daughter had been kidnapped, and her car had been stolen. When police arrived, they found M.D.L. in her home and bound by telephone cords. Later that day, M.D.L.'s daughter was located. Both were taken to hospitals for sexual assault examinations and physical evidence was obtained. DNA evidence collected from both victims identified Abel Morin, Jr. as the perpetrator. M.D.L.'s car was later recovered, and Morin's fingerprints were found. Morin was arrested and indicted on multiple counts. The jury convicted Morin on five of the nine counts, finding him guilty of burglary of a habitation, aggravated sexual assault, aggravated kidnapping, and two counts of sexual assault of a child. Morin's sentences were enhanced based on a prior felony conviction. Two months later, the trial court issued a Judgment Nunc Pro Tunc (JNPT) amending the judgment for Morin's aggravated

kidnapping conviction and changing his sentence for the crime to mandatory life. This appeal followed.

### JUDGMENT NUNC PRO TUNC

Morin complains the trial court erred by entering a JNPT on the aggravated kidnapping conviction because the change reflected application of judicial reasoning rather than correction of a clerical error. In addition to four other counts for different crimes, Morin was indicted and the jury was charged pursuant to subsection 20.04(a)(3) of the Texas Penal Code, which states: "A person commits an offense if he intentionally or knowingly abducts another person with the intent to . . . facilitate the commission of a felony or the flight after the attempt or commission of a felony . . . ." TEX. PENAL CODE ANN. § 20.04(a)(3) (Vernon 2003). On the day of sentencing, the trial court signed a judgment reflecting Morin's conviction of aggravated kidnapping under subsection 20.04(a)(3).

Two months after the initial judgments were signed, the trial court issued a JNPT on the aggravated kidnapping charge. The new judgment reflected Morin's conviction under subsection 20.04(a)(4) of the Texas Penal Code, which states: "A person commits an offense if he intentionally or knowingly abducts another person with the intent to . . . inflict bodily injury on him or violate or abuse him sexually . . . ." TEX. PENAL CODE ANN. § 20.04(a)(4) (Vernon 2003).

Morin argues the trial court erred in issuing the JNPT because the change reflected application of judicial reasoning rather than correction of judicial error. A JNPT may be used only to correct clerical errors in a judgment, not to address other omissions or errors. TEX. R. APP. P. 23; *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). An error is clerical if no judicial reasoning was involved. *Id.* The purpose of such an order is to correctly reflect from the records of

the court the judgment actually "rendered" but which for some reason was not "entered" at the proper time. *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). Therefore, before a JNPT may be entered or recorded, there must be proof that the proposed judgment was actually rendered at an earlier time. *See id*.

Morin contends the JNPT convicted and punished him based on a crime with which he was never charged. We agree. The indictment under which Morin was charged, along with the jury charge, include language that clearly tracks the statutory language of subsection 24.04(a)(3). While the initial judgment signed by the trial court indicated conviction under the correct subsection, the JNPT did not reference subsection 24.04(a)(3) and instead indicated Morin's conviction for aggravated kidnapping was under subsection 24.04(a)(4), imposing judgment for an offense not charged in the indictment and not considered by the jury. Therefore, the JNPT was erroneous. Having found the JNPT to be in error, Morin's original conviction and judgment under subsection 24.04(a)(3) prevails. *See Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986) (vacating improper judgment nunc pro tunc and reinstating original judgment and sentence). Morin's first issue is sustained.

## SENTENCING

Morin argues the trial court erred in sentencing him in accordance with a different subsection of the Penal Code than that under which he was indicted and the jury was charged, and alternatively, that the trial court did not consider the full range of sentencing available under the correct subsection of the Penal Code. Both subsections 24.04(a)(3) and 24.04(a)(4) allow for enhancement upon proof of prior conviction of a felony; however, while this results in a punishment range of 15 to 99 years or life for 24.04(a)(3), the enhanced sentence for 24.04(a)(4) is mandatory life. TEX. PENAL CODE

ANN. § 12.42(c)(2) (Vernon 2003). We have already concluded the JNPT sentencing Morin under subsection 24.04(a)(4) was erroneous, and therefore the original judgment stands.

However, Morin argues the original sentence of life on the aggravated kidnapping charge was also in error, alleging the trial court mistakenly believed the enhanced sentence for 24.04(a)(3) was mandatory life. Morin supports his argument with references to the trial record, where there was some confusion and juxtaposing of subsection numbers when discussing which of the subsections required a mandatory life sentence, and which provided a range of punishment. Regardless of the somewhat confusing discussion during sentencing regarding the two Penal Code subsections, the original judgment signed by the trial court reflected the correct range of punishment for consideration by the trial court: 15 to 99 years or life. Morin's sentence falls within the range of punishment for the offense with which he was charged. Consequently, the trial court's sentencing was not in error. Morin's second issue is overruled.

### SENTENCE ENHANCEMENT

In his final issue, Morin claims the State failed to prove that Morin's prior felony conviction met the appropriate requirements necessary to warrant enhancement of his punishments. Subsection 12.42(c) provides that "if it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment . . . for life, or for any term not more than 99 years or less than 15 years." TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon 2003). Further, "[a] defendant shall be punished by imprisonment in the institutional division for life if . . . the defendant is convicted of an offense . . . under Section 22.021 or 22.011, Penal Code . . . [and] the defendant has been previously convicted of an offense . . . under Section 21.11, 22.011, 22.021, or 25.02, Penal Code . . . ." TEX. PENAL CODE ANN. § 12.42(c)(2).

The State presented a judgment issued for Morin's 2001 conviction of aggravated sexual assault of a child. Morin argues that because the judgment does not reference the specific Penal Code section under which he was convicted, the trial court erred in enhancing four of his sentences, as subsection 12.42 (c) allows enhancement only under specifically enumerated sections of the Penal Code. However, although the judgment does not note a specific section of the Penal Code, section 22.011(a)(2) provides the elements for the offense of sexual assault of a child; a prior conviction under section 22.011 warrants enhancement under subsection 12.42(c). *See* TEX. PENAL CODE ANN. §§ 12.42(c); 22.011(a)(2) (Vernon 2003). Consequently, the trial court did not err by enhancing Morin's sentences. Morin's third issue is overruled.

## CONCLUSION

The JNPT issued by the trial court was in error because it sentenced Morin for a different crime than the one for which he was originally convicted; consequently, the judgment nunc pro tunc in cause number 06-CRD-97 is vacated and set aside and the original judgment in that cause number for aggravated kidnapping under Penal Code section 24.04(a)(3) is reinstated. However, the trial court did not err in sentencing Morin to life in prison for the aggravated kidnapping charge, nor did it err in enhancing Morin's punishments pursuant to Penal Code section 12.42(c). Accordingly, we affirm the trial court's judgments, including the reinstated original judgment.

Catherine Stone, Chief Justice

Do Not Publish