# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00342-CV

## In re Ronnie Duane Cox

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Ronnie Duane Cox, an inmate serving a 60-year sentence for the offense of aggravated robbery, has filed a petition for writ of mandamus alleging that the district court has failed to rule on his motion for judgment nunc pro tunc. In the motion, a copy of which Cox has attached to his petition, Cox raises various complaints relating to his 1997 judgment of conviction and sentence, including that he pleaded guilty to the offense of robbery rather than aggravated robbery, that the punishment assessed exceeds the amount of punishment authorized by law, that the judgment contains a deadly-weapon finding that is not supported by the evidence, and that, having "only recently reviewed the specifics of his plea agreement," he either misunderstood or was misinformed of the terms of the agreement. Cox contends that as a result of these issues, which he characterizes as "clerical errors" in the judgment, his sentence is "illegal or void."[1]

---

[1] A clerical error is one "in which no judicial reasoning contributed to its entry, and for some reason was not entered of record at the proper time." *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). We note that the alleged matters of which Cox complains would not appear to be clerical errors.

Cox requests that his petition "not be reviewed as a request [for] an application for writ of habeas corpus." However, in his petition, Cox is attacking the validity of his conviction for aggravated robbery and is seeking to modify or set aside what he characterizes as an "illegal sentence" based on an alleged misrepresentation or misunderstanding of the terms of his plea agreement. A claim of an illegal sentence, under the circumstances presented here, is not an appropriate basis for mandamus relief but instead is a matter for habeas-corpus relief. *See* Tex. Code Crim. Proc. Ann. art. 11.01 (West 2005), 11.07 (West Supp. 2011); *see also Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) ("We have long held that a claim of an illegal sentence is cognizable on a writ of habeas corpus."). Jurisdiction to grant post-conviction habeas relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). We are therefore without jurisdiction to consider Cox's petition. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Torres*, No. 04-08-00884-CR, 2008 Tex. App. LEXIS 9329, at *2-3 (Tex. App.—San Antonio Dec. 17, 2008, orig. proceeding) (mem. op., not designated for publication). Accordingly, we dismiss the petition for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   June 7, 2012

2