TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00342-CV






In re Ronnie Duane Cox






ORIGINAL PROCEEDING FROM TRAVIS COUNTY




M E M O R A N D U M O P I N I O N



 Relator Ronnie Duane Cox, an inmate serving a 60-year sentence for the offense of
aggravated robbery, has filed a petition for writ of mandamus alleging that the district court has
failed to rule on his motion for judgment nunc pro tunc. In the motion, a copy of which Cox has
attached to his petition, Cox raises various complaints relating to his 1997 judgment of conviction
and sentence, including that he pleaded guilty to the offense of robbery rather than aggravated
robbery, that the punishment assessed exceeds the amount of punishment authorized by law, that the
judgment contains a deadly-weapon finding that is not supported by the evidence, and that, having
"only recently reviewed the specifics of his plea agreement," he either misunderstood or was
misinformed of the terms of the agreement. Cox contends that as a result of these issues, which he
characterizes as "clerical errors" in the judgment, his sentence is "illegal or void." (1)

 Cox requests that his petition "not be reviewed as a request [for] an application for
writ of habeas corpus." However, in his petition, Cox is attacking the validity of his conviction for
aggravated robbery and is seeking to modify or set aside what he characterizes as an "illegal
sentence" based on an alleged misrepresentation or misunderstanding of the terms of his
plea agreement. A claim of an illegal sentence, under the circumstances presented here, is not an
appropriate basis for mandamus relief but instead is a matter for habeas-corpus relief. See Tex. Code
Crim. Proc. Ann. art. 11.01 (West 2005), 11.07 (West Supp. 2011); see also Ex parte Rich,
194 S.W.3d 508, 511 (Tex. Crim. App. 2006) ("We have long held that a claim of an illegal sentence
is cognizable on a writ of habeas corpus."). Jurisdiction to grant post-conviction habeas relief in
felony cases rests exclusively with the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc.
Ann. art. 11.07, § 3; Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth
District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). We are therefore without jurisdiction to
consider Cox's petition. See In re McAfee, 53 S.W.3d 715, 718 (Tex. App.--Houston [1st Dist.]
2001, orig. proceeding); see also In re Torres, No. 04-08-00884-CR, 2008 Tex. App. LEXIS 9329,
at *2-3 (Tex. App.--San Antonio Dec. 17, 2008, orig. proceeding) (mem. op., not designated for
publication). Accordingly, we dismiss the petition for want of jurisdiction.


 _____________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: June 7, 2012
1. A clerical error is one "in which no judicial reasoning contributed to its entry, and for
some reason was not entered of record at the proper time." State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994). We note that the alleged matters of which Cox complains would not appear
to be clerical errors.