In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00258-CR
_____

IN RE ERNEST MARTIN

Original Proceeding

**MEMORANDUM OPINION**

Relator Ernest Martin filed a petition for writ of mandamus asking this Court to compel the trial court to address his motion for judgment *nunc pro tunc*, in which Martin contended that there is no evidence to support his guilty plea or the trial court's deadly weapon finding and the indictment was void, making his sentence illegal.

To obtain mandamus relief, Martin must show that he has a clear legal right to the act sought to be compelled. *See Banales v. Court of Appeals for the Thirteenth Judicial Dist.*, 93 S.W.3d 33, 35 (Tex. Crim. App. 2002). Martin argues that the trial court must act on his motion because the judgment contains mistakes,

which he has characterized as clerical. Generally, consideration of a properly filed motion is ministerial. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). However, Martin has not shown that an active proceeding exists before the convicting court, since the judgment became final before he initiated the proceedings that are the subject of his petition for mandamus. Habeas corpus proceedings under article 11.07 of the Texas Code of Criminal Procedure provide the exclusive post-conviction remedy for Martin's complaints. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012). Even if we were to address Martin's arguments, it appears that the alleged errors of which Martin complains were judicial decisions rather than clerical errors. A judgment *nunc pro tunc* is appropriate only to correct a clerical error; that is, it cannot be used to correct a judicial error. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

Relator has not demonstrated that he is entitled to mandamus relief. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.). Accordingly, we deny relief on the petition for writ of mandamus.

2

PETITION DENIED.

PER CURIAM

Opinion Delivered June 12, 2013
Before Gaultney, Kreger, and Horton, JJ.
Do not publish