

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,533-01

### EX PARTE RICHARD MCDONALD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12F0365-005A IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

**RICHARDSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

Applicant is entitled to habeas relief because he was misinformed regarding the offense to which he was pleading, thereby making his plea involuntary. I write this concurring opinion to the Court's *per curiam* opinion to take the opportunity to address the apparent confusion that occurred here during the plea proceeding.

Applicant was charged with Aggravated Assault (causing serious bodily injury) under Texas Penal Code Section 22.02(a)(1).[1] Applicant pled guilty to "assault serious bodily

---

[1] Texas Penal Code Section 22.02 defines aggravated assault as either (1) committing an assault that causes serious bodily injury (as Applicant was charged in this case), or (2) committing an assault while using or exhibiting a deadly weapon.

injury" under that very section. If a defendant pleads guilty to any part of Section 22.02, the offense will be considered an "Aggravated Assault," regardless of what label the offense is given on the judgment or what the trial judge states on the record.

Yet, although it is labeled an "aggravated" offense, Aggravated Assault under Section 22.02 does *not* fall under the list of "3g" offenses in Article 42.12 of the Texas Code of Criminal Procedure *unless* there is an affirmative finding that a deadly weapon was used or exhibited during the commission of the offense.[2] Conviction of a "3g" offense produces consequences that are far more severe than if one was convicted of a "non-3g" offense. For example, a person convicted of a "3g" offense cannot receive community supervision from a judge as part of a plea bargain (although he can receive deferred adjudication). In addition, a person convicted of a "3g" offense and sent to prison is not eligible for parole until he has served at least one half of his sentence or 30 years, whichever is less (and must serve a minimum of 2 years). Moreover, a person convicted of a "3g" offense is not allowed to have "good conduct time" factor into his parole eligibility. These distinctions are significant in this case because the terms "3g offense" and "aggravated offense" are often (incorrectly) used interchangeably.

To add to the confusion, a conviction for a non-3g Aggravated Assault (an assault causing serious bodily injury), as opposed to a conviction for a misdemeanor assault, has consequences extending beyond just the increase in the range of punishment. A defendant

---

[2] Tex. Code Crim. Proc. art. 42.12, §§ 3g(a)(1) & (2).

convicted of a "non-3g" Aggravated Assault (serious bodily injury) is not eligible for "mandatory supervision."[3]

During plea negotiations, Applicant and his counsel were clear on the record that he was not willing to plead to an "aggravated" assault charge. Applicant's attorney and the prosecutor negotiated a plea bargain agreement whereby applicant agreed to plead guilty to the offense of "assault serious bodily injury." In fact, the prosecutor expressed to the court that he "wanted to make sure . . . that the 'ag' was dropped with regards to the charge." The record from the plea proceeding clearly reflects that the defendant, his counsel, the prosecutor, and the trial judge all agreed that Applicant was pleading to the offense of "assault serious bodily injury." It seems that they were all under the misconception that dropping the word "aggravated" somehow made the offense a simple, yet still a second degree, assault. However, there is no such animal. "Assault serious bodily injury" is not an offense in the Texas Penal Code apart and distinct from the offense of Aggravated Assault.

Under most circumstances, as long as all of the parties clearly understand what offense the defendant is pleading to, a mislabeling of the offense would not render a plea involuntary.[4] In this case, the Applicant understood that he was pleading to a second degree

---

[3] Section 508.149(a)(7) of the Texas Government Code provides that an inmate may not be released to "mandatory supervision" if the inmate is serving a sentence for a second degree felony under Section 22.02 of the Texas Penal Code (aggravated assault).

[4] A trial court has authority to correct mistakes of errors in judgment or orders after the expiration of the court's plenary power via entry of a judgment *nunc pro tunc. State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). A court of appeals may modify the trial court judgment on appeal where it mislabels the offense for which the appellant was convicted. Tex. R. App. Proc. 43.2(b). Neither situation presents a claim that is cognizable under Texas Code Criminal Procedure Article 11.07.

offense described as an assault causing serious bodily injury. However, as explained above, Applicant's clear and express desire to plead to a simple assault, and avoid pleading to an *aggravated* assault, definitely had a purpose. Regardless of whether Applicant mistakenly thought he was avoiding the consequences associated with a "3g" offense, or whether he wanted to make sure that he would be eligible for mandatory supervision, it is clear that Applicant was misled regarding the offense to which he was pleading. The prosecutor, the defense attorney, and the trial judge all led the Applicant to believe that he was pleading to assault, not Aggravated Assault, thereby making his plea involuntary and entitling Applicant to relief.

FILED: March 25, 2015

PUBLISH