# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00547-CR

**The State of Texas, Appellant**

**v.**

**Bryan Roland Chandler, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-12-0005, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State of Texas appeals the district court's nunc pro tunc judgment of conviction against Bryan Roland Chandler deleting a deadly-weapon finding. Chandler filed a motion to dismiss the appeal, contending that the State has no right to appeal from the judgment nunc pro tunc. We will grant Chandler's motion and dismiss this appeal for want of jurisdiction.

## BACKGROUND

The State issued an indictment charging Bryan Roland Chandler with "aggravated assault with a deadly weapon (family violence)" and alleging that during the commission of the offense he used or exhibited a firearm. *See* Tex. Penal Code § 22.02(a)(2). Chandler entered into a plea agreement with the State in which he pled guilty to the offense. His plea agreement had a check box for the State to indicate its recommendation on "Affirmative finding deadly weapon used," which was left blank. On February 23, 2012, the district court accepted the plea agreement,

signed Chandler's judgment of conviction for "aggravated assault with a deadly weapon–family violence," sentenced him to ten years' imprisonment, and in the space on the judgment designated for "Findings on Deadly Weapon" noted, "YES, A FIREARM."[1]

Chandler later filed a motion for judgment nunc pro tunc along with a transcript of his 2012 plea hearing, contending that the affirmative deadly-weapon finding should be deleted because that finding was waived as part of his plea agreement. At the hearing on the motion nunc pro tunc, the court took judicial notice of the plea-hearing transcript, and Chandler noted that the transcript showed no express finding as to a deadly weapon. Chandler also pointed to the blank box in his plea agreement next to the State's recommendation on the affirmative finding of use of a deadly weapon. Neither the defense attorney nor the prosecutor who negotiated Chandler's plea agreement testified at the nunc pro tunc hearing. The district court granted Chandler's nunc pro tunc motion at the conclusion of the hearing, explaining that its ruling was "based on a finding of no agreement at the time the plea bargain was made." The court signed a nunc pro tunc judgment deleting the affirmative deadly-weapon finding on October 2, 2014.

The State appealed, contending that the district court improperly modified Chandler's judgment. Chandler filed a motion to dismiss the State's appeal for lack of jurisdiction, contending that the district attorney did not timely authorize the appeal and that the State has no right to appeal from a judgment nunc pro tunc. We address Chandler's second contention because it is dispositive of this appeal.

---

[1] The next month, the court signed a judgment nunc pro tunc correcting Chandler's backtime credit but still containing the affirmative deadly-weapon finding.

**DISCUSSION**

The purpose of a nunc pro tunc judgment is to provide a method for a trial court to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012). Corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Id*. at 898. Such corrections are limited to clerical errors and not errors involving judicial reasoning. *Id*. Determination of whether an error is clerical or judicial is a matter of law, but a nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order. *Id*. Furthermore, nunc pro tunc judgments may not be used by a court to change the record to reflect what the court believes should have occurred in the earlier proceeding. *Id*. Trial courts have authority to correct clerical errors in a judgment even after the expiration of their plenary power. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

Chandler contends that the State has no right to appeal the judgment nunc pro tunc because it is not among the limited types of appeals that the State may file under Article 44.01 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 44.01. Chandler acknowledges that the State may appeal from an order that "modifies a judgment," *see id.* art. 44.01(a)(2), but he contends that the judgment nunc pro tunc deleting the affirmative deadly-weapon finding only conformed the judgment to the court's prior ruling and was not a modification. He notes that there was no affirmative deadly-weapon finding in his plea agreement, and at his plea hearing there was no discussion or court finding made about the use of a deadly weapon.

3

The State contends that there was no clerical error justifying the judgment nunc pro tunc and that it was a modification of the prior judgment. The State points out that the judgment of conviction containing the affirmative deadly-weapon finding is consistent with Chandler's indictment alleging his use of a deadly weapon and with Chandler's stipulation of evidence, which was attached to his plea agreement and stated that during the offense he used or exhibited a deadly weapon, a firearm.

The State further contends that under Article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure, once a firearm-deadly-weapon finding is made, a trial court lacks discretion not to enter that affirmative finding into the judgment. Article 42.12, section 3g(a)(2) lists circumstances in which a court may not place a defendant on community supervision, including when a deadly-weapon finding is made. The State relies on the part of the statute that provides, "On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in the judgment." Tex. Code Crim. Proc. art. 42.12, § 3g(a)(2). In the State's view, the court made an affirmative deadly-weapon finding—either as a matter of law, when it accepted Chandler's plea stipulating to the use of a firearm in the commission of the offense, or de facto, by convicting Chandler based on an indictment that expressly contained a deadly-weapon finding—and the court then entered that finding on the judgment of conviction.

However, this record does not show that the district court made an affirmative deadly-weapon finding before entering the written judgment, and the court's acceptance of Chandler's plea and subsequent conviction of Chandler based on an indictment alleging his use or exhibition of a deadly-weapon does not indicate that the court made an affirmative finding of a deadly weapon.

4

As the Texas Court of Criminal Appeals has concluded, "a trial judge has discretion to decline to make a deadly-weapon finding even after finding the defendant guilty of an offense in which use of a deadly weapon was a charged or necessary element." *Guthrie-Nail v. State*, - - - S.W.3d - - -, No. PD-0125-14, 2015 Tex. Crim. App. LEXIS 917, at \*12 (Tex. Crim. App. Sept. 16, 2015); *see Gonzalez v. State*, 190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (noting that intermediate appellate courts follow precedent of Court of Criminal Appeals). Thus, the district court could have properly accepted Chandler's plea of guilt to aggravated assault with a deadly weapon–family violence without making an affirmative finding of a deadly weapon, which is what appears from this record. *See id.*; *see also* Tex. Penal Code § 22.02(a)(2). The plea agreement does not indicate an affirmative finding of a deadly weapon. There was no discussion at the plea hearing of an affirmative deadly-weapon finding.[2] Although the indictment alleges and the judgment includes that deadly-weapon finding, the court deleted it, finding that the parties had no agreement on it when they made their plea bargain. There is no indication in this record of judicial reasoning leading to the inclusion of the affirmative deadly-weapon finding in Chandler's judgment of conviction.

We conclude that the judgment nunc pro tunc was used to correct a clerical error, which the district court was authorized to do even after the expiration of its plenary power. *See Bates*, 889 S.W.2d at 309. Because the judgment nunc pro tunc was not a "modification" of

---

[2] By contrast, there was discussion at the plea hearing about an affirmative finding of family violence, although the check box on Chandler's plea agreement for an affirmative finding of family violence was inconsistently left blank. The parties present no issue as to the affirmative finding of family violence.

5

Chandler's earlier judgment, the State does not have a right to appeal the judgment nunc pro tunc. *See* Tex. Code Crim. Proc. art. 44.01(a)(2).

## CONCLUSION

We grant Chandler's motion and dismiss this appeal for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:   November 22, 2016

Do Not Publish