

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00542-CR

Kerwin Bernard **BRYANT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR12429
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:    Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Beth Watkins, Justice

Delivered and Filed: November 30, 2022

DISMISSED FOR LACK OF JURISDICTION

On July 28, 2022, appellant Kerwin Bernard Bryant filed a notice of appeal challenging the trial court's ruling on his motion to suppress. The clerk's record shows the trial court imposed sentence on April 19, 2022, and Bryant did not file a motion for new trial extending the appellate deadlines. Accordingly, the notice of appeal was due by May 19, 2022 or a notice and motion for extension of time to file a notice of appeal was due in this court fifteen days later. *See* TEX. R. APP. P. 26.2(a)(1), 26.3.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely motion for new trial extending the appellate deadlines, a defendant's notice of appeal is due within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522. A late notice of appeal may be considered timely filed so as to invoke a court of appeals' jurisdiction if: (1) it is filed within fifteen days of the last day for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.2d at 522.

Because Bryant did not file his notice of appeal until July 28, 2022, and he did not timely file a motion for extension of time to file a notice of appeal in this court, his notice of appeal was late. As a result, we ordered Bryant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction by October 7, 2022. We further advised Bryant if a supplemental clerk's record was necessary to show this court's jurisdiction, he bore the burden to request the trial court clerk to prepare the record.

On October 19, 2022, the district clerk filed a supplemental clerk's record containing an amended judgment signed on September 30, 2022. The amended judgment indicated the trial court imposed sentence on July 28, 2022 as opposed to April 19, 2022. In general, a trial court has inherent power to correct, modify, vacate, or amend its rulings so long as it does not exceed the permitted statutory time period. *See* TEX. R. APP. P. 21, 22; *State v. Aguilera*, 165 S.W.3d 695, 698 n.7 (Tex. Crim. App. 2005). If a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing, a trial court retains plenary power to modify its sentence. *Aguilera*, 165 S.W.3d at 697–98. A trial court also retains plenary power to modify its sentence if "the

modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day." *Id.* at 698. However, after its plenary power expires, the trial court lacks the authority to take any action unless such action is clerical and changed through a judgment nunc pro tunc. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

Accordingly, because the trial court entered the amended judgment after its plenary power expired on May 19, 2022, the amended judgment was void and Bryant's notice of appeal was late. We therefore ordered Bryant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction by November 7, 2022. In response, Bryant filed a "Writ of Habeas Corpus Art. 11.07 CCP" seeking permission to file an out-of-time appeal.

Article 11.07 of the Texas Code of Criminal Procedure outlines the procedure for seeking an out-of-time appeal by filing a post-conviction habeas application made returnable to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. This court does not have jurisdiction to grant an out-of-time appeal. *See Olivo*, 918 S.W.3d at 522; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242-43 (Tex. Crim. App. 1991). Accordingly, we have no choice but to deny Bryant's application and dismiss this appeal for lack of jurisdiction. We note nothing in our opinion or order prevents Bryant from seeking an out-of-time appeal by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure in the proper court. *See Olivo*, 918 S.W.3d at 522; *Ater*, 802 S.W.2d at 242-43; *Meza v. State*, No. 04-22-00339-CR, 2022 WL 2821243, at *1 (Tex. App.—San Antonio July 20, 2022, no pet. h.) (mem. op.) (dismissing appeal for lack of jurisdiction and explaining "[n]othing in [the] opinion or order prevents appellant from seeking an out-of-time appeal").

PER CURIAM

Do Not Publish