NO. 07-08-0231-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 28, 2008

_____

IN RE WILSON E. BROWN, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Wilson E. Brown, an inmate proceeding in forma pauperis, seeks a writ of mandamus to compel the Honorable Shane Hadaway, Judge of the 39th Judicial District Court, to set aside his conviction for aggravated sexual assault of a child, which he alleges is a void conviction. We deny Relator's request.

This Court's mandamus jurisdiction is limited. We have authority to issue a writ of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court in our district. *See* Tex. Gov't Code Ann. § 22.221(b)(1) (Vernon 2004).

**Background**

In 1989, Relator was indicted in cause number 729 for intentionally and knowingly causing the anus of a child younger than fourteen years of age and not his spouse "to contact" his sexual organ, and in cause number 730 for intentionally and knowingly causing the sexual organ of a child younger than fourteen years of age and not his spouse "to contact and penetrate" his sexual organ. According to the documents provided by Relator, he entered into a plea bargain in cause number 729 for thirty years confinement and waived his right to appeal.

The certified copies of the indictments provided by Relator reflect that, when tri-folded for envelope style filing, the blanks provided for entry of the cause numbers on the back side of the respective indictments have 729 and 730 lined through and interchanged. In other words, cause number 729 is crossed out and replaced with cause number 730 and vice versa.[1] Due to this interlineation, Relator complains that he was not lawfully convicted for the offense to which he pleaded guilty in cause number 729 as originally completed when returned by the Kent County Grand Jury on March 6, 1989. According to Relator's documents, he sought relief from the Court of Criminal Appeals in 1991 by writ of habeas corpus, which was denied in 1992.

---

[1]The copies of the indictments provided by Relator are each duplicated on two separate sheets of paper instead of as the original indictments which are comprised of one piece of paper using the front and back sides and then tri-folded.

In March 2008, Relator filed in the convicting court a "*Motion for Trial Court to Enter Nunc Pro Tunc Order Setting Aside Void Conviction*." He alleges that his conviction in cause number 729 is void and that he is entitled to relief by having his conviction in that cause set aside. By letter ruling dated April 2, 2008, the trial court denied Relator's motion.

## Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must (1) show that he has no adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). An act is ministerial if the relator has "a clear right to the relief sought"–it must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment." *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003), quoting *Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927-28 (Tex.Crim.App. 2001).

## Analysis

### I.  No adequate remedy at law.

A party may not appeal a trial court's denial of a motion for judgment nunc pro tunc because it does not arise from a final judgment.  *See Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W. 2d 210, 211 (Tex. 1990).  Thus, Relator has demonstrated that he has no adequate remedy at law by normal appeal.

### II.  A ministerial act.

The trial court may correct clerical errors made in a judgment at any time by using a judgment nunc pro tunc.  *State v. Bates*, 889 S.W.2d 306, 309 (Tex.Crim.App. 1994).  The trial court cannot, however, correct a judicial error made in rendering a final judgment.  *Id*.  Relator has not provided a copy of his judgment of conviction with the documents provided in support of his *Petition for Writ of Mandamus* to determine whether it contains a clerical error.  *See* Tex. R. App. P. 52.3(j)(1)(A).

An act is ministerial where the law clearly spells out the duty to be performed by an official and does so with such certainty that nothing is left to the exercise of discretion or judgment.  *Texas Dept. of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex.Crim.App. 1981).  Relator has not demonstrated that the trial court had no discretion but to grant his motion.  His complaint that his conviction should have been set aside by the trial court as void is outside the scope of a judgment nunc pro tunc.  He sought to have the trial court

4

correct a judicial error which may not be accomplished by judgment nunc pro tunc. The record before us does not show that the trial court failed to perform a ministerial act.

Additionally, Relator's dissatisfaction with the trial court's denial of his motion is not properly addressed in the context of a mandamus proceeding. *See generally Polaris Inv. Management Corp. v. Abascal*, 892 S.W.2d 860, 861-62 (Tex. 1995). A particular ruling on a motion is generally discretionary for which mandamus will not lie. We conclude that Relator has not demonstrated his entitlement to mandamus relief.

Consequently, the request for mandamus relief is denied.


Patrick A. Pirtle
Justice


5