# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00491-CV

**In re Patrick Heaney**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Patrick Heaney, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus asking this Court to compel the Honorable Brenda Kennedy, presiding judge of the 403rd District Court of Travis County, to rule on several pre- and post-conviction motions that Heaney filed pro se. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. Heaney also asks this Court to compel the district-court clerk to amend the record in his appeal related to district-court case number D-1-DC-14-205206. Heaney's appeal from his district-court case was docketed in this Court as number 03-15-470-CR. On August 7, 2015, this Court dismissed his appeal for want of jurisdiction because the district court certified that Heaney's case was a plea-bargain case and Heaney had no right of appeal and that Heaney had waived the right to appeal.

Heaney subsequently filed a petition for review with the Texas Court of Criminal Appeals, which that court refused on May 17, 2016. The Texas Court of Criminal Appeals rejected Heaney's motion for rehearing on June 10, 2016, and mandate issued in the case on July 7, 2016.

Consequently, the district court's judgment of conviction is final and must be enforced. Tex. R. App. P. 51.2.

The Texas Government Code authorizes a court of appeals to issue a writ of mandamus in two instances: (1) when necessary to enforce the court's jurisdiction, Tex. Gov't Code § 22.221(a), or (2) against a judge of a district or county court in the court of appeals district, Tex. Gov't Code § 22.221(b)(1), or a judge of a district court acting as a magistrate at a court of inquiry, Tex. Gov't Code § 22.221(b)(2). In this proceeding, no basis exists for jurisdiction under section 22.221(a), because Heaney's appeal is no longer pending.[1] *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Nor is there a basis for jurisdiction under section 22.221(b)(2). While section 22.221(b)(1) facially provides a basis for jurisdiction here, for the reasons explained below, we conclude that Heaney is not entitled to the relief he seeks.

As an initial matter, even when an appeal is pending, we have no authority to order a trial judge to rule on pretrial motions filed by a defendant attempting to act pro se when the defendant is represented by counsel, as Heaney was in this case. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (explaining that criminal defendant is not entitled to hybrid representation and that trial court has no legal duty to rule on pro se motions or petitions filed in criminal proceeding in which defendant is represented by counsel). Likewise, Heaney's post-conviction motions primarily concern administrative matters that the district court had no duty

---

[1] We have no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Heaney's appeal is no longer pending, and thus no basis exists for us to enforce our jurisdiction.

to rule upon. Heaney's post-conviction motions include a "Motion for Return of Seized Property," a "Nunc Pro Tunc Motion for Credit Toward Pecuniary Fines and Costs," a "Motion to Amend Appellate Record," a "Request for Dismissal Forms," and a "Request for Information." The trial court's general jurisdiction expires when a case becomes final or is taken to a higher court. *See State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (consolidated appeal and orig. proceeding) (plurality opinion). After its general jurisdiction expires, a trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute or rule, such as finding facts in a habeas corpus setting, correcting clerical errors in a judgment nunc pro tunc, or determining entitlement to DNA testing. *See Patrick*, 86 S.W.3d at 594 (Tex. Crim. App. 2002) (specifically identifying trial court's limited jurisdiction to find facts related to habeas corpus or to determine entitlement to DNA testing); *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (en banc) (explaining that trial court has authority under appellate rules to issue a judgment nunc pro tunc after its plenary power has expired but only to correct clerical errors that are not a product of judicial reasoning or determination); *see also* Tex. R. App. P. 23 (addressing nunc pro tunc proceedings in criminal cases). Heaney does not cite any authority, nor has our research revealed any, that supports his contention that the district court had jurisdiction, and therefore, a duty, to rule on his various post-conviction motions.

In addition, Heaney's "Motion for Acquittal of Judgment" complains of various errors in the district-court proceedings, including admissibility and sufficiency of the evidence, as well as ineffective assistance of counsel, and seeks to have the district court "reverse the conviction, dismiss the indictment, and enter a judgment of acquittal." This motion constitutes a collateral attack on his

3

final felony conviction. This type of attack falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.07 § 3. Article 11.07 provides the exclusive means to challenge a final felony conviction. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). "[W]hile the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings." *In re McAfee*, 53 S.W.3d at 718. Therefore, our Court has no authority to issue a writ of mandamus to compel the district court to rule on Heaney's motion seeking post-conviction relief from his felony conviction for which the judgment is final.

To be entitled to mandamus relief in a criminal case, a relator must establish that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The district court in this case did not have a duty to rule on Heaney's pretrial motions and does not have jurisdiction to rule on Heaney's post-conviction motions. Therefore, Heaney has not shown that the district court has a ministerial duty to act. Heaney is not entitled to mandamus relief, and we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

 

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Filed: August 9, 2016

4