**Opinion issued March 14, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NOS. 01-22-00831-CR & 01-22-00832-CR**

———————————

**CRISTIAN SANTOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1548181 & 1548182**

---

## MEMORANDUM OPINION

A jury found Cristian Santos guilty of two counts of indecency with a child. He appeals from his judgments of conviction, contending that the trial court erred in admitting into evidence certain testimony by a licensed clinical social worker and in failing to give him credit for time spent in jail awaiting trial. We reject Santos's first

argument and therefore affirm his convictions and sentences, but we agree with his second argument and therefore reverse and remand for a new hearing as to jail credit.

## BACKGROUND

The issues on appeal are narrow and do not require a full recitation of the facts of the case. We therefore confine our discussion to those facts that are necessary.

### Objection to Social Worker's Testimony

At trial, the State called Karen Sullivan as one of its witnesses. She is a licensed clinical social worker who is now in private practice. For the past three decades, Sullivan's efforts have been focused on trauma of victims of sexual abuse.

Sullivan regularly saw the minor complainant in this case as a patient for a couple of years after the sexual abuse alleged by the State in this case had occurred. She diagnosed the complainant as suffering from posttraumatic stress disorder.

When the State informed the trial court (out of the hearing of the jury) that it intended to elicit testimony from Sullivan about the disclosures made by the complainant during therapy, defense counsel objected. The State argued that the complainant's statements were admissible under the hearsay exception for statements made while seeking a medical diagnosis or treatment. *See* TEX. R. EVID. 803(4) (excepting from exclusion as hearsay statements that are made for and reasonably pertinent to medical diagnosis or treatment and describe medical history,

2

past or present symptoms or sensations or their inception or general cause). The defense objected on the ground that Sullivan was not a licensed medical doctor:

> Your Honor, she is a therapist that deals directly with non-medical treatment. I don't think she established herself as a medical doctor, or anything like that. So she's more of a counselor who—you know, the things that she gets into would clearly be hearsay, inadmissible hearsay.

The trial court overruled the defense's objection, and Sullivan then began testifying about various things that the complainant said during therapy. Sullivan testified that the complainant described how Santos had groomed her for abuse, at which point defense counsel asked for "a running objection as to hearsay." The trial court agreed and noted the defense's objection to this line of testimony. Afterward, Sullivan continued testifying about the complainant's statements during therapy.

## Omission of Credit for Time Served

The trial court entered two judgments of conviction, one corresponding to each count of indecency with a child. Neither judgment gives Santos any credit for time already served in jail. *See* TEX. CODE CRIM. PROC. art. 42.03, § 2(a)(1) (requiring court to give credit for time served). And beforehand, the trial court stated on the record: "In my sentencing, I will not be giving Mr. Santos credit for any time that he has served." The trial court did not state a reason on the record. Nor does the record show how much time Santos served in jail before he was convicted.

**DISCUSSION**

**I.      Evidentiary Objection**

On appeal, Santos argues that the trial court erred in overruling his objection to Sullivan's testimony because the State did not "prove that Sullivan is a qualified mental-health professional under Tex. R. Evid. 803(4), and her testimony was inadmissible hearsay." Santos complains that the State adduced insufficient testimony from Sullivan about her qualifications and training, faulting the State for failing "to present proof of Sullivan's qualifications for licensure" and failing "to present evidence concerning whether, as a social worker who provided medical diagnoses, Sullivan was answerable to a board that governs licensed social workers."

At the outset, we note that the Court of Criminal Appeals has rejected the premise underlying Santos's position. Santos implicitly contends that before testimony can be admitted under the hearsay exception for statements made while seeking a medical diagnosis or treatment, the proponent of the testimony must show the witness is qualified to make a medical diagnosis or treatment. The Court has rejected this position. *Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008).

In any event, Santos's appellate complaint materially differs from the objection he made in the trial court. Below, he objected that Sullivan was not a medical doctor. On appeal, he argues that the State failed to show she is a qualified mental-health professional. Because his appellate complaint does not conform to the

4

objection he made at trial, Santos presents nothing for our review. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (observing that to preserve error objection must be made below and appellate complaint must comport with it).

We overrule Santos's first issue.

## II.    Credit for Time Served

On appeal, Santos argues that the trial court erred in not giving him credit for time already served in jail. The State says we cannot address this issue on appeal.

The Court of Criminal Appeals has held that a trial court's failure to give a convicted defendant credit for time served generally must be raised in the trial court by seeking the entry of a judgment *nunc pro tunc*, relief parties may seek to correct clerical errors in a judgment even after the trial court's plenary power has expired. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam) (holding that judgment *nunc pro tunc* is correct remedy); *see also State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (stating that clerical errors can be corrected via judgment *nunc pro tunc* after expiration of trial court's plenary power). Thus, when a trial court inadvertently fails to give a convicted defendant credit for time served, the remedy is to seek the entry of a judgment *nunc pro tunc* followed by a petition for a writ of mandamus if the trial court declines to correct the error. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam).

5

Given the preceding law, the State insists that Santos must first seek the relief he requests in the trial court. On this particular record, we disagree with the State.

A trial court may only correct clerical errors via a judgment *nunc pro tunc*, not errors that are the product of judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). Here, the trial court's error is the product of judicial reasoning, albeit judicial reasoning that the trial court did not explain. This is apparent from the record because the trial court's judgments of conviction conform to the judgments the trial court pronounced in open court. The trial court stated on the record that it would "not be giving Mr. Santos credit for any time that he has served" and then entered written judgments that did not give him this credit. Hence, there is no clerical error to correct. *See id.* (stating it was clear from record that there was no clerical error amenable to correction through judgment *nunc pro tunc* as written judgment perfectly matched judgment pronounced in open court). And a judgment *nunc pro tunc* is therefore not the proper remedy in this case. *Id.*

Moreover, as the record on appeal does not show how much time Santos served in jail before he was convicted, we cannot modify the trial court's judgments to give him the credit to which he is entitled. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding appellate courts have authority to modify judgments to correct record when issue is called to their attention by any source); *Van Flowers v. State*, 629 S.W.3d 707, 712 (Tex. App.—Houston [1st Dist.] 2021,

no pet.) (noting that while appellate courts are not restricted to correction of clerical errors when modifying judgments, record must show what correction is warranted). So, the only available remedy is reversal and remand to allow the trial court to ascertain the necessary information and enter judgments awarding the appropriate credit. *See* TEX. R. APP. P. 43.2 (specifying types of judgment we may enter).

We sustain Santos's second issue.

## CONCLUSION

We affirm the trial court's judgments, except as to their failure to give Santos whatever credit for time served he is entitled to under article 42.03, section 2(a)(1) of the Texas Code of Criminal Procedure. We reverse and remand to the trial court for the sole purpose of conducting a new punishment hearing limited to determining how much credit Santos is entitled to and the entry of judgments awarding this credit.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).